UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
NICOLE BURGER,

                              Plaintiff,

        v.                                              **AMENDED**
                                                **DECISION AND ORDER**
                                                     **05-CV-00579**

JOANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

                              Defendant.
_____

        1.      Plaintiff Nicole Burger challenges an Administrative Law Judge's

("ALJ") determination that she is not entitled to Social Security disability

insurance benefits ("DIB"),[1] as defined by the Social Security Act ("the Act").

Plaintiff alleges she has been disabled since January 8, 2000, because of

obesity, leg problems, and infection.  Plaintiff's insured status for DIB expired

June 30, 2003.

        2.      Plaintiff filed a protective application for DIB on September 15,

2003.  Her application was denied initially and, under the prototype model of

handling claims without requiring a reconsideration step, Plaintiff was

permitted to appeal directly to the ALJ.  See 65 Fed. Reg. 81553 (Dec. 26,

2000).  Pursuant to Plaintiff's request, an administrative hearing was held

_____
[1]Although Plaintiff alleged in her complaint that she applied for Supplemental Security Income
benefits (SSI), Defendant denied in her answer that such an application was made by Plaintiff.
The ALJ in his decision, recognized only the claim for Social Security disability benefits (DIB). No
challenge by Plaintiff of the hearing so proscribed is found in the record.  Accordingly, this court
will address only the DIB application.

before ALJ Thomas Zolezzi on October 29, 2004, at which time Plaintiff and her attorney appeared.  The ALJ considered the case *de novo*, and on January 25, 2005, issued a decision finding that the Plaintiff was not disabled. On May 5, 2005, the Appeals Council denied Plaintiff's request for review.

3.     On May 12, 2005, Plaintiff filed a Civil Complaint challenging Defendant's final decision and requesting the Court review the decision of the ALJ pursuant to Section 205(g) and 1631 (c) (3) of the Act, modify the decision of Defendant, and grant DIB benefits to Plaintiff.[2]  The Defendant filed an answer to Plaintiff's complaint on August 10, 2005, requesting the Court dismiss Plaintiff's complaint.  Plaintiff submitted Plaintiff's Social Security Appeal Brief, Appellant's Statement of Facts, and three additional medical records from the time period April 21, 2005 to June 6, 2005 (R. at 196-99).[3]  On September 16, 2005, Defendant filed a Memorandum of Law in Support of the Commissioner's Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[4]  After full

---

[2] The ALJ's January 25, 2005 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

[3] Citations to the underlying administrative record are designated as "R."

[4] Although Defendant has characterized her Memorandum of Law as a "Motion for Judgment on the Pleadings," (Docket No. 14), neither the Defendant  nor the Plaintiff appear to have filed such a motion and there is no evidence in the Docket of any such motions having been filed. Nevertheless, the Court will "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *42 U.S.C. 405(g)*

briefing, this Court deemed oral argument unnecessary and took the motions under advisement.

4.       A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  <u>See</u> 42 U.S.C. § 405(g), 1383 (c)(3); <u>Wagner v. Sec'y of Health and Human Servs.</u>, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. <u>See</u>  <u>Grey v. Heckler</u>, 721 F.2d 41, 46 (2d Cir. 1983); <u>Marcus v. Califano</u>, 615 F.2d 23, 27 (2d Cir. 1979).  "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  <u>See</u> <u>Rutherford v. Schweiker</u>, 685 F.2d 60, 62 (2d Cir. 1982).

5.       "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." <u>Williams on Behalf of Williams v. Bowen</u>, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff[ ] and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  <u>Rosado v. Sullivan</u>, 805 F. Supp. 147, 153 (S.D.N.Y.

1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  <u>Valente v. Sec'y of Health and Human Servs.</u>, 733 F.2d 1037, 1041 (2d Cir. 1984).

6.   The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act.  <u>See</u> 20 C.F.R. § 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7.   This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work active-ties.  If the claimant has such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled with-out considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gain-ful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

<u>Berry v. Schweiker</u>, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); <u>see</u> <u>also</u> <u>Rosa v. Callahan</u>, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

4

8.      While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582 (2d Cir. 1984).  The final step of this inquiry is, in turn, divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9.      In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Through June 20, 2003, Plaintiff met only the non-disability requirements for a period of disability and entitlement to DIB as set forth in Section 216(I) of the Act (R. at 14); (2) Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability (R. at 14); (3) Plaintiff's impairments are severe within the meaning of the Act (R. at 14); (4) Plaintiff's impairments do not meet the criteria necessary for finding a disabling impairment under the regulations (R. at 14); (5)  Plaintiff's allegations regarding her limitations were only somewhat credible (R. at 14); (6) Plaintiff has the functional capacity to perform a wide range of light work including lifting no more than 20 pounds, walking and standing for approximately six hours in an eight-hour workday, and sitting while pushing and pulling leg and arm controls–there are no limiting factors that would prevent Plaintiff from performing sedentary work (R. at 15); (7) Plaintiff has

5

the residual functional capacity to perform her past relevant work as a secretary (R. at 15); and, (8) Even if Plaintiff were unable to perform her past relevant work, based on her exertional capacity, age, education, and work experience, a finding of "not disabled" would be directed by Medical-Vocational guidelines (R. at 15).  Ultimately, the ALJ determined Plaintiff was not under a disability, as defined by the Act, at any time between her alleged onset of disability date of January 8, 2000, through the date her insured status for entitlement to disability benefits, which expired on June 30, 2003 (R. at 15).

10.     Plaintiff advances a number of challenges to the ALJ's decision. First, Plaintiff argues that she is disabled as a matter of fact and law because the Commissioner did not meet her burden of proof that Plaintiff could perform work in the national economy.  Plaintiff points out in her Social Security Appeal Brief of August 30, 2005 that she is eligible for benefits under the Act if she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months, and her impairment is so severe she is unable not only to do her previous work, but considering age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy.  20 CFR § 404.1505.

It must be noted that entitlement to DIB under the Act is conditioned upon compliance with all relevant requirements of the statute, and to ensure

thorough evaluation of each claim, the ALJ follows the five-step sequential

evaluation outlined in Section 7 above, examining all evidence presented by

the Plaintiff.  At step one in the evaluation, the ALJ properly found Plaintiff

had not engaged in substantial gainful activity during the relevant period (R.

at 11).  At step two, the ALJ found Plaintiff's impairments were severe (R. at

11).  At step three, the ALJ found Plaintiff did not have an impairment, or

combination of impairments, that met the criteria for disability listed at 20

C.F.R. Part 404, Subpart P, Appendix 1 (R. at 11).  At step four, the ALJ

found Plaintiff could perform light or sedentary work, and thus was not

precluded from returning to her past relevant work as a secretary.  However,

even if Plaintiff could not return to her past work as a secretary, the ALJ

completed the analysis at step five, and found Plaintiff could perform other

work existing in the national economy and would not be disabled for the

purpose of entitlement to DIB (R. at 14).

Plaintiff argues that the ALJ erred in concluding that Plaintiff had

the residual functional capacity to perform not only her past relevant work, but

any work that exists in the national economy.  Specifically, Plaintiff alleges the

ALJ failed to consider her obesity and her non-exertional pain in making his

residual functional capacity determination.  Plaintiff has apparently

misinterpreted Berry as requiring the burden of proof at step four in the

sequential process to be shifted to the Commissioner.  Berry v. Schweiker,

675 F.2d 464, 467 (2d Cir. 1982).  The burden to prove her disability is on the

Plaintiff through step four, and this includes the burden to show she could not

return to her past relevant work.  Berry, 675 F.2d at 467.   In this case,

Plaintiff failed to provide any evidence from a treating, examining, or even a

non-examining physician that she did not retain the capacity to return to her

past sedentary work as a secretary.  Instead, the record contains evidence of

sporadic treatment for allergic reactions, cellulitis, umbilical hernia, sleep

apnea, and obesity, but the doctors' notes contain no information suggesting

limitations on Plaintiff's functional capacity (R. at 13, 98-167).  In fact, during

the relevant period of Plaintiff's claim from January 8, 2000 through June 30,

2003, Plaintiff was examined by physicians only twice.  The first examination

occurred during an emergency room visit on March 28, 2002 for bellybutton

bleeding (R. at 104-06).  Plaintiff's bellybutton was cleaned and treated with a

topical ointment, and her cellulitis was treated with antibiotics.  Id.  She was

discharged the same day (R. at 108).  The physician's notes from the visit

contain no information to suggest limitations to standing, sitting, or walking

that would interfere with the performance of sedentary work (R. at 104-08).

Further, the physician's notes contain nothing to suggest Plaintiff would be

disabled by her condition for 12 months or longer.  Id.  Plaintiff did not seek

follow-up medical treatment after her emergency room visit on March 28,

2002, and the ALJ reasoned her medical problems had resolved or she

became tolerant of the problems (R. at 12).  Plaintiff was next examined by a

physician on June 10, 2003, when she visited an emergency room for

swelling of her face, tongue, and hands (R. at 12, 14, 96-99).  The cause of

the swelling was determined by the treating physician to be an allergic

reaction of unknown origin (R. at 96-99).  Plaintiff was treated and released

the same day.  The record of the June 10, 2003 emergency room visit does

not contain any notation that Plaintiff complained of problems with her

bellybutton, cellulitis, or pain that might have been caused by those

conditions, and the examining physician did not record limitations that would

interfere with the performance of sedentary work (R. at 99).

The mere presence of a disease or impairment, or establishing that

a person has been diagnosed or treated for a disease or impairment, is not

enough for a person to be found disabled within the meaning of the Act.

Coleman v. Shalala, 895 F. Supp. 50, 53 (S.D.N.Y. 1995).  Instead, a Plaintiff

must show that the disease or impairment has caused functional limitations

that would preclude engaging in substantial gainful activity.  Rivera v. Harris,

623 F.2d 212, 215-16 (2d Cir. 1980); Levos v. Secretary of Health and

Human Services, 516 F. Supp. 273, 275 (S.D.N.Y. 1981).  Because of the

sparse medical evidence submitted by Plaintiff that pertains to the time frame

from January 8, 2000 through June 30, 2003, this Court finds no error in the

ALJ's conclusion that Plaintiff retained the residual functional capacity to

perform her past relevant sedentary work as a secretary.

11.    Plaintiff's second challenge is that the ALJ failed to consider

Plaintiff's obesity in the sequential evaluation process either as a severe

impairment by itself, or in combination with her other impairments.  Plaintiff

suggests this Court should reverse the Commissioner's decision based on

Plaintiff's obesity alone.  SSR 02-01p requires the ALJ to consider the effects

of obesity on an individual's health at all steps in the sequential evaluation

process, but does not automatically require an ALJ to find an obese claimant

disabled by his or her obesity.  In this case, the ALJ considered Plaintiff's obesity at each step in the sequential evaluation process.  For example, the ALJ notes in his decision, "claimant has not engaged in any substantial gainful activity since the alleged disability onset date, and the claimant is found to have a hernia, sleep apnea, obesity, and leg swelling impairments which are considered to be 'severe' under Social Security Regulations" (R. at 11).  By listing Plaintiff's obesity as a severe impairment, the ALJ considered to be a significant limitation on plaintiff's ability to do basic work related activities.  20 C.F.R. § 404.1521(a).  Further, the ALJ evaluated Plaintiff's obesity in light of her medical evidence, other impairments, and her self-reported daily activities, but found that her obesity alone, or her obesity in combination with her other impairments, did not establish disability under the Act (R. at 12-15). As an example, the ALJ found that while the record demonstrated a sporadic history of cellulitis, hernia, sleep apnea, and obesity, it did not support a finding that those conditions interfered with her functional capacities "at all." The ALJ went on to observe that "While it may be reasonable to conclude that, with a weight of over 400 pounds, one's back and legs could hurt and be discomforting[;] [h]owever, there is simply no medical documentation to support that the claimant's allegations of physical problems are of such frequency, intensity, or duration as to render her incapable of performing substantial gainful activity on a sustained basis. Based on the foregoing, this Court finds the ALJ gave proper consideration to Plaintiff's obesity in determining she retained the residual functional capacity to perform her past relevant sedentary work.

12.     Plaintiff's third allegation is that the ALJ did not consider Plaintiff's reports of pain when determining she retained the residual functional capacity to do light or sedentary work.  Plaintiff claims the ALJ did not credit her subjective testimony of pain, even though her pain was supported by objective medical evidence.  In her Social Security Appeal Brief, Plaintiff noted she had a metal rod in her leg from an automobile accident in 1987 (R. at 180).  On June 10, 1996, her physician noted she had a slight limp on her right leg (R. at 159).   At the same visit, her physician also noted Plaintiff had complained of back and leg pain, ankle and calf swelling, and other ailments during the previous year (R. at 157).   On March 28, 2002, her attending physician noted she had redness and pain in her lower legs, and phlebitis in her femur (R. at 106).

The ALJ considered Plaintiff's subjective reports of pain, but noted Plaintiff's reports were not consistent with objective medical evidence and other evidence.  See C.F.R. § 404.1529 and 416.949, SSR 96-7p.  In his decision, the ALJ explained that Plaintiff's medical documentation did not support her pain allegations (R. at 12-13).  The ALJ noted Plaintiff visited the emergency room occasionally, and this was her primary form of medical treatment (R. at 12).  Plaintiff produced no medical records from September 22, 1996 to March 28, 2002, from March 29, 2002 to June 10, 2003, and from June 11, 2003 to July 14, 2003, after her insured status had expired (R. at 14). The records of Plaintiff's treatment during the relevant time period are conservative with few medications offered by her physicians or requested by Plaintiff (R. at 96-99, 101-12).

The ALJ also evaluated Plaintiff's activities of daily living (R. at 12). He noted Plaintiff reported she did not do household chores, and needed help getting into and out of the tub, but assisted her children with homework, occasionally did crafts, read, and watched television (R. at 12, 187-88). The ALJ concluded Plaintiff's daily activities were consistent with the ability to perform sedentary work (R. at 12). Given the medical evidence before him, and Plaintiff's self-reported daily activities, this Court finds the ALJ gave proper consideration and weight to Plaintiff's subjective complaints of pain.

13.     Plaintiff's fourth allegation is that the ALJ failed to use a vocational expert to determine if a person with her combination of impairments had the residual functional capacity to perform any work in the national economy. Plaintiff claims the ALJ was required to consult a vocational expert as Plaintiff's non-exertional limitations might substantially reduce the range of work she could perform. See Bapp v. Bowen, 802 F.2d 601 (2d Cir. 1986).

The burden of proof that a claimant is able to perform his or her past relevant work, or other work that exists in significant numbers in the national economy, shifts to the Commissioner only after the claimant has carried the initial burden of showing that he or she is unable to perform past relevant work. See Barrett v. Shalala, 38 F.3d 1019, 1024 (8th Cir. 1994) citing Conley v. Bowen, 781 F.2d, 143, 146 (8th Cir. 1986). In step four of the sequential evaluation process, the ALJ found Plaintiff retained the residual functional capacity to perform her past relevant sedentary work as a secretary, which according to Plaintiff's testimony, required mostly sitting at a desk, but with occasional demands to get up to make copies and file (R. at

175).  Because Plaintiff did not produce evidence that she was unable to
perform her past relevant work, the burden of proof did not shift to the
Commissioner, and the ALJ was not required to consult a vocational expert
regarding Plaintiff's potential work opportunities.  See Miller v. Heckler, 770
F.2d 845, 849-50 (9th Cir. 1985).  Thus, this Court finds no error in the ALJ's
failure to obtain the testimony of a vocational expert.

14.     Plaintiff's fifth allegation is that the ALJ erred in rejecting Plaintiff's
credibility regarding her subjective symptoms and complaints.  The ALJ
considered Plaintiff's subjective symptoms and complaints and afforded the
complaints some weight in finding that Plaintiff was not disabled and retained
the residual functional capacity for her prior relevant sedentary work as a
secretary (R. at 12-13).  However, the ALJ noted Plaintiff's reported
symptoms were not consistent with objective medical evidence and other
evidence.  See C.F.R. § 404.1529 and 416.949, SSR 96-7p.  Specifically, the
ALJ pointed out Plaintiff's prior employment as a cab driver and a secretary,
and noted both occupations required a substantial amount of sitting (R. at 12).
 Plaintiff described her severe medical impairments, but produced little in the
way of objective medical reports describing treatment for her, impairments, or
physical limitations caused by them (R. at 12).  Plaintiff testified about her
daily activities, and such activities were consistent with her residual functional
capacity to perform her prior sedentary work (R. at 12).  As noted above, the
ALJ observed it was reasonable to conclude that Plaintiff's weight of over 400
pounds could cause her back and legs to hurt, but there was simply no
objective medical evidence to support her claim that her reported symptoms

13

would prevent her from performing substantial gainful activity on a sustained basis (R. at 12-13).

In sum, the record in this case does not substantiate Plaintiff's claims that her impairments are disabling.  Accordingly, the ALJ exercised his discretion to evaluate the credibility of Plaintiff's testimony and render an independent judgment regarding the extent of her pain and reported symptoms based on the objective medical findings and other evidence.  See e.g. Mimms v. Sec'y of Health and Human Servs., 750 F.2d 180, 186 (2d Cir. 1984).

15.    Finally, Plaintiff requests this Court consider new medical evidence documenting Plaintiff's medical impairments and supporting the credibility of her prior medical records and testimony.  This evidence is attached to Plaintiff's Social Security Appeal Brief submitted August 30, 2005 and consists of physician's notes from office visits on April 21, 2005, May 6, 2005, June 6, 2005, and June 29, 2005.  Plaintiff acknowledges that pursuant to 20 C.F.R. § 404.981, the decision of the Appeals Council is the final decision of the Commissioner.  However, Plaintiff points out that new evidence may be considered the Court, and the Court may remand and order the Commissioner to consider the new evidence if it is material and there was good cause for not incorporating the evidence into a prior proceeding.  See U.S.C. § 405(g).  To warrant consideration by this Court, Plaintiff must show (1) the evidence is new and not merely cumulative of the evidence already in the record, (2) both material and relevant to the time period at issue, and (3) that good cause exists for the failure to present the evidence earlier.  See

Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir. 1988); See Lisa v. Sec'y of Health and Human Servs., 940 F.2d 40, 43 (2d Cir. 1991); See Jones v. Sullivan, 949 F.2d 57, 60 (2d Cir. 1991).

The new evidence proffered by Plaintiff has been reviewed by this Court.  However, the Court finds that it is not relevant to the time period pertaining to Plaintiff's claim.  Although Plaintiff's counsel advances the argument in his correspondence transmitting the new medical evidence that "the underlying condition existed at times relevant to this appeal," the medical records themselves do not support such a conclusion.  Plaintiff's insured status expired on June 30, 2003, almost two years before the date of the first in the series of medical records now offered as new evidence.  Further, the new evidence does not contain information or present a medical opinion that would shed light on Plaintiff's residual functional capacity during the period of Plaintiff's insured status from January 8, 2000, through June 30, 2003.  Thus, this Court cannot find good cause and will not consider Plaintiff's new medical records as a reason to remand and order the Commissioner to consider this additional evidence.

16.    After carefully examining the administrative record, this Court finds substantial evidence supports the ALJ's decision in this case, including the objective medical evidence and Plaintiff's testimony regarding her symptoms and complaints.  It is clear to this Court that the ALJ thoroughly examined the record, afforded appropriate weight to all the medical evidence, including Plaintiff's treating physicians, and afforded Plaintiff's subjective claims of pain and other symptoms an appropriate weight when rendering his decision that

Plaintiff is not disabled.  This Court finds no reversible error and further

finding that substantial evidence supports the ALJ's decision, this Court will,

upon the pleadings and transcript of the record, affirm the decision of the ALJ

under the substantial evidence rule, grant judgment to the Defendant, and

order that the Plaintiff's case be dismissed.  Accordingly,

IT IS HEREBY ORDERED, that the decision of the ALJ is

AFFIRMED and judgment for the Defendant is GRANTED.

FURTHER, that Plaintiff's case is DISMISSED, and

FURTHER, that the Clerk of the Court is directed to take the

necessary steps to close this case.


SO ORDERED.


Dated:  March 2, 2007
             Syracuse, New York

Victor E. Bianchini
United States Magistrate Judge