UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NICOLE BURGER,

        Plaintiff,

V.

MICHAEL J. ASTRUE, Commissioner of Social Security,

        Defendant.

**DECISION AND ORDER**

05-CV-579
(VEB)

---

## I. INTRODUCTION

Presently before this Court is Plaintiff's Motion for Attorneys' Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket No. 28). Plaintiff, through her attorney of record, seeks an award of $20,488.50, for 121.8 hours of work performed before this Court and in connection with an appeal to the United States Court of Appeals for the Second Circuit. For the following reasons, Plaintiff's motion is denied to the extent that it seeks attorneys' fees for work performed before the District Court and denied without prejudice with regard to the request for fees incurred on appeal to the Second Circuit.

## II. BACKGROUND

Plaintiff commenced this action on May 12, 2005, by filing a Complaint in the United States District Court for the Northern District of New York. (Docket No. 1). Plaintiff alleged that she has been disabled, as defined under the Social Security Act, since January 8, 2000, due to obesity, leg problems, and infection, and was therefore entitled to receive Social Security disability benefits. In this action, Plaintiff challenged the determination made by an Administrative Law Judge ("ALJ") that she was not entitled to receive such benefits.

On February 27, 2007, after briefing by the parties, this Court entered a Decision and Order affirming the decision of the ALJ and granting judgment in favor of the Commissioner. (Docket No. 18). The Clerk of Court entered judgment in favor of the Commissioner. (Docket No. 19). On March 20, 2007, this Court issued an Amended Decision and Order correcting certain clerical matters contained in the originally-issued Decision and Order. (Docket No. 20). Plaintiff appealed to the United States Court of Appeals for the Second Circuit.

On June 27, 2008, the Second Circuit issued a Summary Order remanding the case to this Court. In pertinent part, the Second Circuit concluded that "[u]nder the circumstances, . . . the ALJ was obliged himself to develop the medical record more fully to ensure an accurate assessment of [Plaintiff's] residual functional capacity." (Summary Order, attached to Docket No. 24, at p. 4). In this regard, the Second Circuit specifically mentioned the regulations permitting the ALJ to pay for a consultative examination and directed that the case be remanded to the ALJ "with directions to develop the administrative record further and to reconsider [Plaintiff's] claim for disability benefits." Id.

On August 13, 2008, in accordance with the directive of the Second Circuit, this Court entered an Order remanding the case to the Commissioner for further development of the administrative record and further proceedings consistent with the Summary Order entered by the Second Circuit. (Docket No. 26). Judgment remanding the case was entered by the Clerk of Court on that same date. (Docket No. 27).

On September 5, 2008, Plaintiff filed a petition with the Second Circuit for attorneys' fees pursuant to the EAJA. Plaintiff filed a motion seeking the same relief before this Court on September 9, 2008, submitting an attorney affidavit and memorandum of law in support.

2

(Docket No. 28). The Defendant Commissioner filed a memorandum of law in opposition to the motion. (Docket No. 29). Plaintiff submitted a reply affidavit and reply memorandum of law in further support of her motion. (Docket No. 30).

On November 17, 2008, Plaintiff filed a Status Report (Docket No. 31), providing this Court with the Second Circuit's Amended Order, dated November 5, 2008, denying Plaintiff's application for attorneys' fees without prejudice to renew following the conclusion of proceedings before this Court. (Amended Order, attached to Docket No. 31).

### III. DISCUSSION

The EAJA provides, in pertinent part, as follows:

> [A] court shall award [1] to a prevailing party ... fees and other expenses, ... incurred by that party in any civil action ..., brought by or against the United States in any court having jurisdiction of that action, [2] unless the court finds that the position of the United States was substantially justified or [3] that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). There is no dispute in this case that Plaintiff is a "prevailing party" pursuant to the EAJA in light of the Second Circuit's conclusion that this case should be remanded to the ALJ for further development of the administrative record.[1]

The next question is whether the Commissioner's position was "substantially justified." See 28 U.S.C. § 2412(d)(1)(B). Where, as here, the plaintiff has alleged that the position of the Commissioner was not substantially justified, the burden shifts to the Commissioner to rebut that allegation. See Commodity Futures Trading Comm'n v. Dunn, 169 F.3d 785, 786 (2d Cir.1999).

---

[1] The Commissioner concedes that this element has been satisfied. (Docket No. 29, at p. 1).

The Supreme Court has held that "substantially justified" means, "justified to a degree that could satisfy a reasonable person," or having a "... reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). "A position can be justified even though it is not correct, and we believe it can be substantially justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id., at 566.

In the present case, the fact that the Commissioner prevailed at the District Court level is some evidence that its position was "substantially justified." Moreover, the Second Circuit did not conclude that the ALJ or the Commissioner had misapplied the appropriate legal standard or misconstrued the record evidence. Rather, the Second Circuit simply held that, under the circumstances, the administrative record should have been more fully developed. See (Docket No. 24).

Specifically, the Second Circuit noted that in light of the fact that the ALJ had found the Plaintiff's testimony regarding her limitations "somewhat credible," the ALJ was "obliged" to more fully develop the evidentiary record to "ensure an accurate assessment" of the Plaintiff's residual functional capacity. (Id. at 4). The Circuit held that the ALJ should more fully develop the record in this regard and then reconsider whether Petitioner was entitled to benefits. It is important to note in this regard that the Second Circuit did not find that Plaintiff was entitled to benefits or that the ALJ erred on the law; rather, the Circuit found that the evidentiary record had not been adequately developed.

This is suggestive of a finding that the Commissioner's position, although perhaps ultimately erroneous, was based upon its justifiable belief regarding the adequacy of the evidentiary record and, in particular, its reasonable opinion concerning the scope of the

ALJ's affirmative duty to develop the administrative record in a case where the claimant was represented by counsel.

In any event, this Court finds that it is not required to determine whether the Commissioner's position was "substantially justified" because equitable considerations require the denial of the instant motion.

Even assuming *arguendo* that the Commissioner's position was not substantially justified, an award of attorneys' fees may be denied if "special circumstances" would make an award "unjust." 28 U.S.C. § 2412(d)(1)(A). The Second Circuit has held that a district court may consider whether special circumstances render an award of attorneys' fees unjust when "all of the fees were expended on discrete efforts that achieved no appreciable advantage and where the claim of the prevailing party rests largely on a result to which the claimant made no contribution." United States v. 27.09 Acres of Land, 43 F.3d 769, 773 (2d Cir.1994).

In the present case, it is undisputed that the Second Circuit remanded the case on a ground not asserted by counsel before this Court and first raised by the appellate panel *nostra sponte*. This significantly undermines any suggestion by Plaintiff's counsel that the ultimate result was achieved due to his contributions. See Firstland Intern., Inc. v. I.N.S, 264 Fed.Appx. 22, 25, 2008 WL 213885, at *3 (2d Cir. Jan. 25, 2008).

Moreover, the remand decision was based upon the Second Circuit's conclusion that the ALJ had not sufficiently satisfied his affirmative obligation to fully develop the administrative record. See (Docket No. 24). Of course, Plaintiff's counsel had a concomitant duty and obligation to develop the administrative record on behalf of his client. As such, Plaintiff's counsel bears a share of the responsibility for the fact that the record was not

5

developed to an appropriate extent.  This further suggests that it would be inequitable to grant attorneys' fees arising out of an action that was caused, in part, if not primarily, by counsel's own failure to adequately develop the record.  This omission was compounded by counsel's failure to advance the particular argument that ultimately prevailed either before this Court or before the Second Circuit.

At least one District Court in this Circuit has concluded that awarding attorneys' fees under such circumstances would "create a perverse incentive for a plaintiff's counsel to fail to develop the record at the administrative appeals level and before the district court if he or she has any doubt whether the additional records will support the client's claim." Bryant v. Apfel, 37 F. Supp.2d 210, 214 (E.D.N.Y. 1999).

In light of the foregoing, this Court finds that the circumstances and equities of the matter warrant denial of the instant motion for attorneys' fees.  In addition and in the alternative, this Court finds that the motion for fees is subject to denial due to the unreasonableness of the fees requested and the lack of sufficient supporting detail.

A district court has broad discretion when determining the reasonableness of attorneys' fees and may make appropriate reductions as necessary. See Walker v. Astrue, No. 04-CV-891, 2008 WL 4693354, at *5 (N.D.N.Y. Oct. 23, 2008) (citing Colegrove v. Barnhart, 435 F.Supp.2d 218, 221 (W.D.N.Y.2006)).  A reduction is warranted where, as in the present case, the requesting attorney "lumped" attorney tasks with clerical tasks and failed to provide meaningful detail regarding certain of the tasks performed. Walker, 2008 WL 4693354, at *6.

In the present case, Plaintiff's counsel billed for several lengthy increments of time (*e.g.* 7.5 hours on August 17, 2005; 5.0 hours on June 16, 2008), supported by cryptic

explanations such as "research," without breaking down the time spent performing each of the tasks involved. See (Docket Nos. 28 & 30). Clerical tasks such as filing of documents, service, and the preparation of enclosure letters were included along with work typically performed by an attorney, making it impossible to determine how much time was spent on each task. (Id.).

Moreover, this Court finds that the time claimed for many of the tasks was unreasonable. By way of example, Plaintiff's counsel states that he spent eight (8) hours reviewing Defendant's response in opposition to the instant motion, performing "research," "read[ing] cases," and drafting the reply affidavit and reply memorandum of law. However, the issues presented with regard to this motion were neither unduly novel or complex. Moreover, the reply papers submitted by Plaintiff total *less than seven (7) pages*. See (Docket No. 30).

In an ordinary case, this Court might be inclined to scrutinize the supporting entries and determine the appropriate fee reductions. However, in light of the fact that, as discussed above, the ultimate result achieved was not the result of contributions made by Plaintiff's counsel, and given the lack of supporting detail and unreasonableness of the fees requested, this Court finds that a denial of Plaintiff's Motion for Attorneys' Fees is warranted. As such, Plaintiff's Motion for Attorneys' Fees is DENIED.

However, this Court's determination is limited to Plaintiff's request for an award of fees incurred in connection with the District Court proceedings. Pursuant to the Local Rules of the Second Circuit and case law in this Circuit, Plaintiff's request for attorneys' fees incurred on appeal is DENIED without prejudice to a renewed application to the Second Circuit for such fees. See 2d Cir. R. § 0.25; Butts v. Astrue, 565 F.Supp.2d 403, 404-05

(N.D.N.Y. 2008) (citing Smith by Smith v. Bowen, 867 F.2d 731, 736 (2d Cir.1989) (explaining that "applications [under the EAJA] for appellate fees in this Circuit should be filed directly with the Court of Appeals.")).

SO ORDERED.

/s/ Victor E. Bianchini
Victor E. Bianchini
United States Magistrate Judge

Dated:   January 15, 2009

   Syracuse, New York